## CLICQUOT CLUB CO. v. UNITED STATES.

District Court, D. Massachusetts. November 17, 1926.

No. 2634.

Internal revenue ⬤⇒36—Beverage manufacturer, paying 10 per cent. war tax on amount charged customers, held entitled to refund, sale price being ten-elevenths of invoice price (Revenue Act 1918, § 628 [Comp. St. § 6161½d]).

Manufacturer of beverages, which paid war tax without advancing price to dealers and paid 10 per cent. tax on total amounts charged customers, under Revenue Act 1918, § 628 (Comp. St. § 6161½d), held entitled to refund, since actual sale price was ten-elevenths of invoice price.

At Law. Action by the Clicquot Club Company against the United States. Judgment for plaintiff.

For opinion on motion to dismiss, see 13 F.(2d) 655.

Stoughton Bell and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for petitioner.

Marcus Morton, Jr., Asst. U. S. Atty., of Boston, Mass.

Findings of Fact and Rulings of Law.

BREWSTER, District Judge. In the above-entitled matter, I make the following findings of fact:

(1) The petitioner, Clicquot Club Company, was during the years 1919 and 1920, and has ever since been, a corporation duly organized and existing under the laws of the state of Rhode Island, and has within the commonwealth of Massachusetts an office and place for manufacturing and bottling carbonated beverages.

(2) That the petitioner was, on and after the effective date of the Revenue Act of 1918, namely, February 24, 1919, engaged in the manufacture and sale of soft drinks in bottles or other closed containers, such as are designated in section 628 of the Revenue Act of 1918 (Comp. St. § 6161½d).

(3) That, upon the Revenue Act of 1918 becoming effective, petitioner did not increase the amounts charged to its customers for its beverages to cover the tax imposed by the act, and on or about February 27, 1919, it distributed to all of its customers a circular letter reading as follows:

"February 27, 1919.

"Important Announcement.

"We wish to call your attention to the fact that we will not advance our price on Clicquot Club beverages with the advent of the new federal war tax, but will continue to sell these beverages at $1.47½ per case.

"This price includes the new federal war tax on soft drinks which will be remitted by us.

"We believe that the consumption of bottled carbonated beverages is increasing annually. The advertising appropriation for Clicquot Club beverages has been increased this year, and we are doing everything that we can to aid you in increasing your sales.

"It is not our intention to have any special price offer or deal in effect during 1919, as we have had in the past, and therefore all orders should be booked at our prevailing prices.

"We wish to call your attention to the fact that we have definitely discontinued the

manufacture of Lemon Sour and Orange Phosphate. However, we can supply your full requirements on our other beverages.

"We are endeavoring to make Clicquot Club beverages the best known and most popular goods of their kind in the United States, and we are sure that with our efforts and your co-operation that we can accomplish this aim, which will work to the advantage of all of us.

"We hope that we may continue to have the loyal support which you have always given us in the past."

"Yours very truly,
"Clicquot Club Company."

(4) That during the period from February 24, 1919, to December 31, 1920, inclusive, petitioner billed its goods to its customers by invoices of which the following is typical, except that the invoice sometimes contained the words, "The price includes the war tax, which is to be paid by us":

"The Clicquot-Club Company.
"Springs and Laboratory, Millis, Mass.
"Freight address, Clicquot, Mass.
"Our Invoice #1.
"Your Order #1.
"Sold to A. Smith & Company.
"Shipped to Prov., R. I.
"Destination, Prov., R. I., via N. Y., N. H. & H.
"Terms: Net cash 30 days or 1% for cash in 10 days from invoice date.

| | |
|---|---|
| 10 cases ginger ale, pints, @ $1.47½ | $14.75 |
| 10 cases sarsaparilla, pints, @ $1.47½ | 14.75 |
| 10 cases birch beer, pints, @ $1.47½ | 14.75 |
| 10 cases root beer, pints, @ $1.47½ | 14.75" |

(5) That the Commissioner of Internal Revenue, acting under the provisions of section 628 of the Revenue Act of 1918, collected from the petitioner a tax of 10 per cent. of the total amounts charged to and paid by its customers from the 24th day of February, 1919, to the 31st day of December, 1920, inclusive, and that the tax so collected and paid amounted to $231,389.21.

(6) That the petitioner on March 7, 1923, filed with the Commisssioner of Internal Revenue a claim for the refund of. $21,032.66 on the ground that, instead of paying 10 per cent. of the total amount charged to its customers, it should have paid only one-eleventh of such total.

(7) The Commissioner of Internal Revenue on or about the 19th day of June, 1924, rejected and denied the claim for refund.

(8) The petitioner, in its income tax returns for the years 1919 and 1920, claimed and took a deduction for the full amount of beverage taxes collected from and paid by it during each of those years.

(9) The petitioner has at all times borne true allegiance to the government of the United States, and has not in any way voluntarily aided, abetted, or given encouragement to rebellion against said government. The petitioner is the sole and absolute owner of the claim presented; it has made no transfer or assignment of said claim or any part thereof.

(10) That the petitioner included the tax in the invoice price of all taxable beverage sold between February 24, 1919, and December 31, 1920.

I rule, upon the foregoing facts, that the actual sale price of the beverage sold by the petitioner between February 24, 1919, and December 31, 1920, was ten-elevenths of the invoice price, and that the total tax due thereon was $210,326.55, and that it paid to the collector of internal revenue on account of said beverage taxes sums which in the aggregate were $21,032.66 in excess of the amount which the petitioner was required to pay by the provisions of section 628 of the Revenue Act of 1918, and that therefore the petitioner is entitled to recover judgment in these proceedings in the amount of $21,032.-66, with interest thereon to be computed according to law.